**UNITED STATES DISTRICT COURT**  
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 24-8439-JFW(PDx)**                                        Date:  December 12, 2024

Title:        Refael Kaikov, et al. *-v-* Mercedes-Benz USA, LLC, et al.

---

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                    None Present
   Courtroom Deputy                                  Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND TO SUPERIOR COURT OF CALIFORNIA [filed 11/19/24; Docket No. 24]**

On November 19, 2024, Plaintiffs Rafael Kaikov and Sharona Kaikov (collectively, "Plaintiffs") filed a Motion for Remand to Superior Court of California ("Motion").  On December 2, 2024, Defendant Mercedes-Benz USA, LLC ("Defendant") filed its Opposition.  On December 9, 2024, Plaintiffs filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for December 23, 2024, is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    Factual and Procedural Background**

On July 1, 2024, Plaintiffs filed a Complaint against Defendant in Los Angeles County Superior Court ("LASC"), alleging a single cause of action for violation of the Song-Beverly Act – breach of express warranty.  In their Complaint, Plaintiffs allege that, on February 23, 2021, they entered into a lease with Defendant for a 2021 Mercedes E-Class (the "Subject Vehicle") that included a written warranty.  According to Plaintiffs, "[d]efects and nonconformities to warranty manifested themselves within the applicable express warranty period," which impaired the use, value, and/or safety of the Subject Vehicle.  In addition, Plaintiffs allege that although they delivered the Subject Vehicle to a Defendant-authorized repair facility, Defendant was unable to repair the Subject Vehicle as required by the warranty.

On October 1, 2024, Defendant removed this action, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), diversity jurisdiction.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III.    Discussion

In the Motion, Plaintiffs argue that Defendant has failed to demonstrate that the amount in controversy exceeds $75,000.  Specifically, Plaintiffs argue that Defendant overstated the amount in controversy because Defendant failed to account for the mileage offset.  Plaintiffs also argue that Defendant's amount in controversy calculation fails because civil penalties are not guaranteed and Defendant's estimate of civil penalties is speculative.  In addition, Plaintiffs argue that Defendant relies on a speculative amount of attorneys' fees to satisfy the amount in controversy.  In its Opposition, Defendant argues that it established that the amount in controversy exceeds $75,000 in its Notice of Removal.  Specifically, Defendant argues that the mileage offset is a defense and, as a result, should not be included in calculating the amount in controversy.  Defendant also argues that civil penalties and attorneys' fees are properly included in the amount in controversy, and disputes that it's calculation of the civil penalty is speculative.

### A.     Defendant Has Failed to Demonstrate That The Amount in Controversy Exceeds $75,000.

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."  *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).  When a complaint does not identify damages with specificity, a defendant seeking to remove the case to federal court must demonstrate that it is "more likely than not" that the amount in controversy will be satisfied.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

In this case, the Court concludes that Defendant has failed to carry its burden of demonstrating that the amount in controversy exceeds $75,000.  In its Notice of Removal, Defendant alleges that Plaintiffs' Complaint was not initially removable because Plaintiff did not plead an amount in controversy or Plaintiffs' citizenship.  Instead, Defendant alleges that it first discovered that this action was removable based on Plaintiffs' responses to Defendants' Form Interrogatories, Requests for Admissions, and Request for Production.  Specifically, Defendant

alleges that in addition to establishing the diversity of the parties[1], Plaintiffs provided a copy of the California Motor Vehicle Lease Agreement ("Lease Agreement"), which established that Plaintiffs had made total lease payments of $30,243.71, and that the "agreed upon value of the vehicle" was $58,290.15.[2] As a result, Defendant alleges that the amount in controversy is satisfied because "Plaintiffs['] damages total $90,731.13, *exclusive* of attorneys' fees." Defendant's total damage estimate of $90,731.13 is based on actual damages of $30,243.71 (total lease payments), plus a civil penalty of $60,487.42 (2 x $30,243.71).[3] However, Defendant's amount in controversy calculation fails to account for the statutory mileage offset, or the reduction in actual damages to account for Plaintiffs' use of the Subject Vehicle prior to the attempted repairs.[4] *See* Cal. Civ. Code § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity"); *see also Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding the action where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding the action, even where the purchase price of the vehicle was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

In its Opposition, Defendant argues that the mileage offset is a defense and, as a result, should not be taken into accounted in calculating the amount in controversy.[5] However, the mileage offset is not a defense, but it is a limitation on the amount of "actual damages" recoverable under the Song-Beverly Act. Indeed, the Ninth Circuit has found that "[c]onsideration of the [u]se [o]ffset [is] appropriate" in determining the amount in controversy for Song-Beverly Act claims because "an estimate of the amount in controversy must be reduced if a specific rule of law or measure of damages limits the amount of damages recoverable." *See Schneider v. Ford Motor Co.*, 756 Fed. Appx. 699, 701, n.3 (9th Cir. 2018); *see also Vega v. FCA US LLC,* 2021 WL 3771795, *3 (C.D. Cal., Aug. 25, 2021) (in determining that amount in controversy was not satisfied, the Court noted that the "[d]efendant fails to reduce the actual damages account for [the p]laintiffs' use offset"); *Davidson v. Ford Motor Co.,* 2020 WL 6119302, at *2 (C.D. Cal. Oct. 16, 2020) (remanding action and

---

[1] Plaintiffs do not dispute the diversity of the parties.

[2] Despite Defendant's argument to the contrary, the total lease amount of $30,243.71 was alleged in Plaintiffs' Complaint.

[3] Plaintiffs' Complaint alleges that Plaintiffs are entitled to "a civil penalty of up to two times the amount of actual damages."

[4] Courts calculate the statutory mileage offset, or use offset, by multiplying the price paid for the vehicle "by a fraction having [as] its denominator 120,000 and having as its numerator the number of miles traveled by the new motor vehicle prior to the time the buyer delivered the vehicle for correction of the problem." *See Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (internal citations omitted).

[5] Defendant fails to provide any argument or evidence that the amount in controversy requirement is satisfied if the mileage offset is taken into account.

concluding that Ford had failed to demonstrate that the amount in controversy requirement was satisfied where Ford "failed to take into account any reduction for the use of the vehicle"); *Maciel v. BMW of N. Am., LLC,* 2017 WL 8185859, *2 (C.D. Cal. Aug. 7, 2017) (finding amount in controversy not satisfied given the defendant's failure to consider set-off amount).

With respect to a civil penalty, Defendant has also failed to carry its burden. "A plaintiff who establishes that a violation of the [Song-Beverly] Act was willful may recover a civil penalty of up to two times the amount of actual damages. *See* Cal. Civ. Code § 1794(c). However, "[t]he civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding the action where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy); *see also Chavez v. FCA US LLC*, 2020 WL 468909, *2 (C.D. Cal. Jan. 27, 2020) (remanding the action where the defendant did not explain why a penalty applying to willful conduct would be awarded in the case). Instead, the defendant "must make some effort to justify the assumption." *Zawaideh v. BMW of N. Am., LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (explaining that a defendant may not "simply assume that because a civil penalty is available, one will be awarded"); *see also Sanchez v. Ford Motor Co.*, 2018 WL 6787354, *1 (C.D. Cal. Dec. 4, 2018) (remanding the action where the civil penalties were "too speculative for inclusion in the amount-in-controversy"). In this case, Defendant has failed to demonstrate by a preponderance of the evidence that a civil penalty would be awarded in this case.[6] Instead, Defendant relies on Plaintiffs' allegation that they are seeking a civil penalty. In addition, even if Defendant could demonstrate that a civil penalty would be awarded in this case, any attempt to determine the amount of the civil penalty would be speculative. *See Edwards v. Ford Motor Company*, 2016 WL 6583585, *4 (C.D. Cal. Nov. 4, 2016) (finding that the defendant's failure to establish the amount of actual damages precluded the Court from determining the amount of a civil penalty). Because Defendant has failed to establish the amount of actual damages, Defendant has also failed to adequately demonstrate the potential civil penalty. *See Eberle v. Jaguar Land Rover North America, LLC*, 2018 WL 4674598, *2 (C.D. Cal. Sept. 26, 2018) (finding that where the amount of actual damages is speculative, the court is unable to determine whether a civil penalty might be imposed).

With respect to attorneys' fees, the Court concludes that Defendant has failed to demonstrate by a preponderance of the evidence what, if any, amount of attorneys' fees might be requested or awarded in this case. *Savall v. FCA US, LLC*, 2021 WL 1661051 (S.D. Cal. Apr. 28, 2021) ("Here, FCA provides no estimate as to Plaintiff's attorneys' fees that have accrued or will accrue. Without making some effort to set forth the value of attorneys' fees Plaintiff is expected to incur, or that Plaintiff has incurred, FCA has failed to meet its burden or showing that the amount of attorneys' fees at issue satisfies the amount in controversy. Accordingly, there is doubt as to the amount of possible attorneys fees that could be included in the amount in controversy"). In addition, although attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy, the removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence,"

---

[6] Similarly, although Defendant alleges in its Notice of Removal that punitive damages are part of the amount in controversy, Defendant fails in its Notice of Removal and its Opposition to establish the basis for the calculation of an award of punitive damages in this case or offer any punitive damages awards in similar cases.

and to "make this showing with summary-judgment-type evidence." *Fritsch*, 899 F.3d at 795. Defendant has failed to demonstrate how the facts and circumstances of this action are similar to any other potentially relevant cases where attorneys' fees have been awarded.  *See Castillo v. FCA US LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (holding that FCA had failed to meet its burden to demonstrate the value of attorneys' fees)*; see also Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1200 (N.D. Cal. 1998) (finding that the defendant failed to establish the amount in controversy when including attorneys' fees without estimating "the amount of time each major task will take," or varying the hourly billing rate for each task); *Schneider v. Ford Motor Company*, 441 F.Supp. 3d 909 (N.D. Cal. 2020) ("All that Defendants claim is that the same counsel appears in each case and that the subject-matter of the cases are the same.  They do not, however, compare or contrast the litigation strategies or the litigation timelines of the two cases").

Therefore, the Court concludes that Defendant has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.  Accordingly, the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B.    Defendant Failed to File a Proposed Statement of Decision.

The Court's Standing Order, filed on October 17, 2024 (Docket No. 10), provides in relevant part:  "Not more than two days after the deadline for filing the Reply, each party shall lodge a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record."  Standing Order, § 5(f).  The deadline for filing the Reply was December 9, 2024, and, as a result, the deadline for filing the Proposed Statement of Decision was December 11, 2024.  *See* L.R. 7-10.  Defendant failed to timely file and still has not filed the required Proposed Statement of Decision.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."  In addition, the Standing Order expressly provides that the "[f]ailure to lodge the Proposed Statement will result in the denial or granting of the motion."  Standing Order, § 5(f).  Accordingly, pursuant to Local Rule 7-12 and the Standing Order, Plaintiffs' Motion is granted on the alternative ground that Defendant failed to file a Proposed Statement of Decision.

### IV.    Conclusion

For all the foregoing reasons, Plaintiffs' Motion is **GRANTED**, and this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.